**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42484, 42485 & 42489**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2015 Unpublished Opinion No. 638** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: September 17, 2015** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **SAMIR MICHAEL ABRAMS, a/k/a** | ) **THIS IS AN UNPUBLISHED** |
| **SAMIR M. ALQADHI,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Orders revoking probation and executing original sentences, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

In Docket No. 42484, Samir Michael Abrams, a/k/a Samir M. Alqadhi pled guilty to rape. I.C. § 18-6101. The district court sentenced Abrams to a unified term of ten years, with a minimum period of confinement of three years. However, the district court suspended the sentence and placed Abrams on probation.

In Docket No. 42485, Abrams pled guilty to failure to register as a sex offender. I.C. § 18-8309. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Abrams to a unified term of four years, with a minimum period of confinement

of one year, to run concurrent with Abrams' sentence for rape. The district court continued Abrams on probation for his rape sentence.

In Docket No. 42489, Abrams pled guilty to providing false information to the sex offender registry. I.C. § 18-8311(12). In exchange for his guilty plea, an additional charge and an allegation that Abrams was a persistent violator were dismissed. The district court sentenced Abrams to a unified term of nine years, with a minimum period of confinement of five years. As a result of this conviction, the district court revoked Abrams' probation and ordered that his sentence in Docket 42489 run concurrent with his other two sentences. However, the district court retained jurisdiction in all three cases and sent Abrams to participate in the rider program. Following succesful completion of Abrams' rider, the district court suspended the three sentences and placed Abrams on probation.

Subsequently, Abrams admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentences. Abrams filed I.C.R. 35 motions for reduction of his sentences, which the district court denied. Abrams appeals, contending that the district court abused its discretion in revoking probation and that the sentences are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct

underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Abrams also asserts that the district court erred in denying his Rule 35 motions for reduction of his sentences. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Abrams' sentences without modification. Therefore, the orders revoking probation and directing execution of Abrams' previously suspended sentences and the orders denying Abrams' Rule 35 motions for reduction of his sentences are affirmed.